UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:05 CR 596 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| MARCUS HOPPER, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) | |

This matter comes before the Court upon Defendant, Marcus Hopper's *pro se* Motion to Reduce Sentence Under Section 404 of the First Step Act of 2018. (ECF # 40). The Federal Public Defender also filed a Motion to Reduce Sentence on Defendant's behalf. (ECF # 42). The government filed a Response in Opposition to the motion. (ECF #44). The Defendant did not file a reply. The matter is now ready for consideration.

In 2006, Mr. Hopper pled guilty to one count of possession with intent to distribute 50 grams or more of a substance containing cocaine-base ("crack"), and one count of possession with intent to distribute a substance containing a detectable amount of cocaine hydrochloride. (ECF #36, ¶ 2). As part of his plea agreement, Mr. Hopper admitted to possessing 312.3 grams of crack. (ECF #36, ¶ 5). He also acknowledged that he had previously been convicted of at least two "felony drug offenses" within the meaning of Title 21, Sections 841(b)(1)(A) and 851, and agreed that he would be subject to a mandatory minimum term of twenty years imprisonment. (ECF #36, ¶ 2). After all applicable enhancements and adjustments, his total offense level was 34 and his Criminal History Category was V. (ECF #42, p. 2). As a result, Mr. Hopper's guideline

range was 235-293 months. (ECF #42, p. 2). The Court sentenced Mr. Hopper to 240 months, followed by ten years of supervised release. (ECF #38).

On December 21, 2018, the First Step Act of 2018 ("First Step Act") was signed into law. Section 404(b) of the Act provides that a "court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Moreover, the Act defined "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Reductions are not mandatory, but are left to the discretion of the sentencing judge. *See* Pub. L. No. 115-391, Title IV, § 404(c), Dec. 21, 2018; *see also United States v. Boose*, 2019 U.S. App. LEXIS 35703, *4 (6th Cir. 2019).

Mr. Hopper argues that his statutory penalty would have been reduced if the Fair Sentencing Act of 2010 were in effect at the time of his sentencing and that the First Step Act demands a statutory focus rather than a focus on the defendant's conduct. (ECF #42, p. 4). In addition, Mr. Hopper introduces an unauthenticated supplemental report—not found anywhere in the record—from the Lakewood Police Department, which appears to state that only 260.5 grams of crack were seized on the date of Mr. Hopper's arrest. (ECF #42, Exhibit A). In opposition, the government argues that Mr. Hopper is not eligible for relief under the Act because the crack weight for which he was held accountable at sentencing—312.3 grams—exceeds the current § 841(b)(1)(A)(iii) threshold of 280 grams. (ECF #44, p. 5). The government also contends that a motion for reduced sentence under the First Step Act does not permit a defendant to introduce new evidence that contradicts the quantity of crack stipulated in his plea agreement. (ECF #44,

2

p.5). The Court agrees with the government.

As Mr. Hopper argues, § 404(b) of the First Step Act grants this Court discretion to reduce his sentence because his offense is a "covered offense." That is, Mr. Hopper violated an applicable statute—a statute for which the statutory penalties were modified by section 2 of the Fair Sentencing Act of 2010—before August 3, 2010. *See United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) ("any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act . . . is serving "a sentence for a covered offense" and may seek a sentence reduction under the First Step Act."). However, § 404(b) also instructs this Court to impose a reduced sentence *as if* sections 2 and 3 of the Fair Sentencing Act of 2010 *were in effect* at the time Mr. Hopper's offense was committed. Section 2 of the Fair Sentencing Act of 2010 amended 21 U.S.C. §841(b)(1)(A)(iii) by increasing the crack weight eligible for a mandatory minimum of ten years from "50 grams" to "280 grams." Moreover, neither section 2 nor section 3 reduced the enhancement—of a twenty year prison term followed by ten years of supervised release—for prior convictions of drug felonies.

Consequently, even if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect in 2005 when Mr. Hopper committed his offense, he still would have been subject to a mandatory minimum of 20 years. As Mr. Hopper concedes in his motion, he pled guilty to possessing 312.3 grams, an amount well above the 280 gram threshold to trigger a mandatory minimum of ten years. With his prior drug trafficking conviction, which Mr. Hopper agreed to in his plea agreement, the ten year minimum prison term would have been enhanced to twenty years and his supervised release would have been enhanced to ten years. Therefore, this Court declines

to exercise its discretion under the First Step Act because there is no basis for a reduction in his term of incarceration and supervised release.

Mr. Hopper also argues an alleged change in "community standards" relating to his offense shows that his current sentence is greater than necessary to satisfy the purposes of sentencing. (ECF #42, p. 7). According to Mr. Hopper, his statutory sentencing range was enhanced based on his prior history of "serious drug felonies," and those prior offenses, if considered today, no longer qualify as predicate offenses for this enhancement. (ECF #42, p. 7). However, as the Sixth Circuit has stated, "'the First Step Act is largely forward-looking and not retroactive,' . . . 'only certain statutory changes pertaining to threshold crack cocaine weights' enacted as part of the FSA apply retroactively." *United States v. Boose*, 2019 U.S. App. LEXIS 35703, *5 (6th Cir. 2019) (quoting *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019)).

Finally, even if the mandatory minimum had changed, the Court would have imposed the same sentence based on admissions made in the plea agreement, as well as the nature of the crime and Mr. Hopper's prior criminal history.

For all of the reasons set forth above, the Motions to Reduce Sentence Under Section 404 of the First Step Act, filed *pro se* by Mr. Hopper and on Mr. Hopper's behalf by the Federal Public Defender, are DENIED. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: February 14, 2020